# Bailey *against* Bowman.*

The debts of a decedent not secured by matter of record cease to be a lien on his real estate in the possession of the heirs after the lapse of seven years; and a judgment obtained against the personal representative, and a levy and sale of the land after that period, confer no title upon the purchaser.

APPEAL from the decision of the Circuit Court of *Fayette* county.

This was an ejectment brought by Bailey and others, the representatives of Samuel Jackson, to recover an undivided moiety of 100 acres of land in Washington township, Fayette county, including glass-works. The defendant relied on a sheriff's deed of the land; it having been sold on a judgment against the executors of Jackson. The suit in which this judgment was obtained was not brought until seven years after the death of Jackson. The court held that no title passed by the sheriff's sale.

*Biddle*, for the appellant, examined the provisions of the Act of 4th April 1797, and reviewed the cases of *Kerper* v. *Hoch*, (1 *Watts* 9; and *Bruch* v. *Lantz*, (2 *Rawle* 417), arguing that the point now raised was not so distinctly presented and decided in the former as in the latter case.

---

* This case was decided in 1834, but the report of it was mislaid, and has been but recently recovered. A reference to it occurs in the case of *Quigley* v. *Beatty*, (4 *Watts* 15). It presented the most elaborate effort that was made to shake what is now the settled construction of the Act of 1797. — REPS.

[Bailey v. Bowman.]

*Ewing* and *M'Giffen*, for the appellees, whom the court declined to hear.

The opinion of the Court was delivered by

GIBSON, C. J.—The argument rests on an assumption, unfounded in fact, that the decision in *Kerper* v. *Hoch* was but the *dictum* of the Judge who delivered the opinion of the court. The truth is, it was the unanimous and deliberate judgment of the Judges present, (Mr Justice ROGERS being absent), after a very full argument; and it received the acquiescence of the only Judge who sat in *Bruch* v. *Lantz*, in order to avoid a division, and to establish a rule which should be firm and stable for the future. This rule has been recognised in at least one case, not yet reported; and it is to be taken for the fixed construction of the statute. The most that can be said against it, is, that it is inconsistent with what was taken for granted in *Bruch* v. *Lantz*, which was decided upon what was supposed to be the current opinion of the profession. That the principle of that case was received without examination, is plain from the printed report of it, in which there is no inquiry into the foundation of the supposed distinction between purchasers and volunteers. Perhaps it would have been as well, for the sake of consistency, to have abided by it. Yet there would be little difficulty, if the matter were *res integra*, in pronouncing the construction, ultimately adopted, to be the true one. In the course of a very few years, it is not only possible, but common, for one who has derived an estate from the bounty or demise of an ancestor, to become, in an equitable sense, a purchaser of it; and it would be strange if the courts should feel themselves restrained by common law analogies, intended to be dispensed with in cases within the letter, from extending the provisions of a remedial statute to cases in the very same mischief. That the donee becomes a purchaser by the consequential expenditure of money or labour, is the foundation on which a parol gift of land to a child is sometimes made effectual against the letter of the statute of frauds. In regard to that the application of the statute is governed by the special circumstances of the case; and hence many critical distinctions and much litigation. It was thought better, in the end, to avoid these by establishing one rule for all. Beside, as regards the possessor of the estate, that is a disabling statute, while this is an enabling one, whose policy is evidently to encourage the possessor to treat the estate as his own; and it ought, therefore, to be more beneficially construed.

Judgment affirmed.